No. 24,998.

Edd Calvin, *Appellee*, v. D. H. McKee, *Appellant*.

SYLLABUS BY THE COURT.

Partnership—*Action for Accounting—Evidence Supports Findings and Judgment of the Court.* In a suit for an accounting, the record is examined, and *held,* that there is sufficient evidence to support the judgment allowing the claims contested.

Appeal from Linn district court; Edward C. Gates, judge. Opinion filed February 9, 1924. Affirmed.

*W. F. Jackson,* of Fort Scott, for the appellant.
*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a suit for an accounting between partners. It was tried to the court and judgment rendered for plaintiff. The defendant has appealed and objects generally to the judgment and specifically to the allowance by the court of four items in favor of plaintiff and against the partnership.

Edd Calvin, the plaintiff, J. B. Doran, and E. B. Long owned about 1,700 acres of land in Linn county, which they operated as a farm and ranch. Each owned a one-third interest in the land and personal property and the business was conducted as a partnership. Doran lived in Missouri, Long in Tennessee, and Calvin lived upon and managed the Linn county property. On August 23, 1919, this partnership made a written agreement with the defendant, D. H. McKee, to sell him their land. Calvin was to keep his interest but the titles were to be divided so that Calvin would own certain tracts of the land and McKee the remainder. The deal also contemplated the sale of the live stock and other personal property on the ranch in such a way that McKee would buy the two-thirds interest owned by Doran and Long and Calvin retain his one-third. There was a delay about closing up the land deal because of perfecting the abstract and making loans, but it was finally consummated February 13, 1920. At that time a bill of sale for the personal property was executed by the Calvin-Long-Doran partnership to Calvin and McKee, reciting that Calvin had a one-third interest and McKee two-thirds. The business was conducted thereafter as a partnership until March 1, 1921, and for the harvesting of wheat in the summer of

1921. McKee lived in Iowa and Calvin lived on the premises and managed the business. McKee proposed incorporating the business but Calvin did not agree to that and in turn proposed an agreement containing certain provisions, but no written agreement was entered into between them as to conducting the business.

In this suit plaintiff alleged that his partnership with the defendant began September 1, 1919, and continued until March 1, 1921, and that the agreement between them included the following terms: Each partner was to be paid by the partnership $5 per acre rent on land owned by them; operating expenses, profits and losses to be shared, one-third by Calvin, two-thirds by McKee; Calvin to be general manager and to be paid a monthly salary of $200 per month by the partnership. He also alleged other provisions of the agreement not necessary now to be considered. On March 1, 1921, part of the land was in wheat and as to that the partnership was continued until the wheat was harvested and sold. The jointly owned personal property of the partnership was sold at public sale on September 27, 1921.

In the accounting to close up their affairs many items were considered, all of which were allowed by the court substantially as claimed by Calvin.

Appellant complains of the $1,100 item allowed plaintiff for salary as manager from September 1, 1919, to February 15, 1920, at $200 per month, contending that his partnership with Calvin did not begin until the bill of sale for the personal property was delivered. He also complains of an item of $600 which plaintiff claimed to have paid employees for working upon the ranch from September 1, 1919, to February 15, 1920, and says that an item for labor was included in the settlement at the time the bill of sale was delivered, which he thought included all the labor bills incurred up to that date. The testimony of plaintiff was to the effect that the partnership began September 1, 1919, and that his salary began from that date, and the liabilities of Calvin and McKee for labor began from that date; that the only reason the bill of sale was delayed in delivery was because of the time taken to perfect the land titles; that the item for labor settled for at the time the bill of sale was delivered did not include the wages for all of the employees as some of them were still in the employ of the partnership and had not drawn their wages, which fact was explained to McKee and understood by him. Without detailing all the evidence bearing on this

phase of the question, it is sufficient to note that they were controverted questions of fact and an examination of the record discloses substantial evidence to support the judgment of the court.

Among the personal property was an automobile used in the business which was expensive to keep up because of necessary repairs. Calvin traded it in on a new one and paid the difference, about $800. His claim for this difference was allowed against the partnership. Appellant objects to this and contends that Calvin had no authority to trade for the new car or to obligate the partnership for the difference in value, and further contends that it was an individual matter of Calvin's and that the car was used for his own pleasure. Plaintiff's testimony was to the effect that the car was needed in their business; that he and McKee talked of the expensive maintenance of the old car and agreed to trade it on a new car; that he did so and paid the difference, first by note, and later paid the note; that the new car was used in the partnership business with the knowledge and approval of McKee; that it was advertised and sold at the sale of the partnership property and the proceeds accounted for as partnership assets. Hence, the court has substantial evidence to support the allowance of this claim.

The other item complained of pertains to the rent of the land. Plaintiff claimed that the partnership was to pay each of the partners $5 per acre rent for the land which he owned and which was used by the partnership. The defendant claims that such payment was to be made out of the profits of the partnership and only in the event there should be a profit; that the partnership had lost money attempting to operate the farm and, hence, no rent should be allowed. The trial court took plaintiff's view of that matter and allowed rent to each of the partners against the partnership.

Each of these contested claims presented controverted questions of fact and as to each of them the trial court had substantial evidence to support the conclusion reached. The judgment, therefore, must be affirmed.